IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN MINING WAREHOUSE LLC § | | |
| § | | |
| *Plaintiff,* § | | |
| § | CIVIL ACTION NO. 4:22-CV-4309 | |
| v. § | | |
| § | | |
| ROC DIGITAL MINING I LLC § | | |
| *Defendant.* § | | |

## DEFENDANT ROC DIGITAL MINING, I LLC'S FIRST AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1653 and this Court's recent order to amend notice of removal [Dkt. 7], Defendant, Roc Digital Mining I, LLC ("ROC" or "Defendant") files this its First Amended Notice of Removal ("Amended Notice") and, in support of removal, would respectfully show unto the court the following:

### I. BACKGROUND

1. Plaintiff, AMERICAN MINING WAREHOUSE, LLC ("AMW" or "Plaintiff"), filed suit against Defendant in Texas state court on December 5, 2022 asserts claims for a sworn account, breach of contract, violations of Texas Business and Commerce Code Section 2.301 and declaratory relief.[1] The state court lawsuit was filed under: *American Mining Warehouse, LLC v. ROC Digital Mining LLC,* Cause No. 2022-78832, 295th Judicial District Court, Harris County, Texas (the "State Court Lawsuit").

2. Defendant timely filed a notice of removal of the State Court Lawsuit to

---

[1] *See* Exhibit A: Plaintiff's Original Petition.

federal court based on diversity of jurisdiction on December 13, 2022. [Dkt.1].

3. On January 23, 2023, the Court issued an Order to Amend Notice of Removal ("Order to Amend") requiring Defendant to amend its notice to allege additional facts establishing diversity jurisdiction. [Dkt. 7].

4. As such, Defendant files this amended notice of removal solely to set out more specifically the citizenship of the limited liability entities involved in the above-captioned case and is not pleading a new basis for removal.

## II. DIVERSITY JURISDICTION

5. Removal was properly made on the basis of diversity of all named parties and Defendant is entitled to amend to cure defective allegations of citizenship. *See* 28 U.S.C. §1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Amer.,* 841 F.2d 1254, 1257 n.5 (5th Cir. 1988) (noting that technical defects or failure to specifically allege citizenship of parties may be cured by amendment even in appellate court); *Vance v. Safety-Kleen Sys., Inc.*, No. 3:21-CV-2171-B, 2021 WL 6063619, at n.2 (N.D. Tex. Dec. 20, 2021) (noting that where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect.); *D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145,146 (5th Cir. 1979) (affirming a finding of diversity jurisdiction when the defendant, prior to judgment, amended its removal petition to specifically allege the citizenship of the parties).

6. Removal of the State Court Lawsuit is proper because there is complete

diversity of citizenship between AMW and ROC, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(a).

*Diversity of Citizenship*

7. Plaintiff, AMW, is a limited liability company incorporated under the laws of the State of Texas with its principal place of business at 9595 Six Pines Drive, Suite 8210, the Woodlands, Texas 77380.[2] Its citizenship, for diversity purposes, is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). AMW's sole member is Tyler Deboer and he is an individual resident of Texas.[3] For diversity purposes, AMW is a citizen of Texas.

8. Defendant, ROC, is a limited liability company incorporated under the laws of Delaware with its principal place of business at 33 Commercial Street, Raynham, Massachusetts 02767.[4] ROC's members consist of its managing member, Roc Digital Mining Manager LLC ("ROCDMM") and certain class b members: Roc Digital Mining LLC ("ROCDM"), Lighthouse Point Consulting LLC ("Lighthouse"), Bitmine Immersion Technologies, Inc. ("Bitmine"), Irwin Frankel, David Paolisso, Joseph Marrocco, and Melanie Foley.[5]

9. ROCDMM is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Massachusetts.[6]

---

[2] *See* Exhibit A: Plaintiff's Original Petition at ¶ 2; *See also* Exhibit C.
[3] *See* Exhibit C.
[4] *See* Exhibit B.
[5] *See* Exhibit B.
[6] *See* Exhibit B

ROCDMM's members are ROCDM, Lighthouse and BitMine. ROCDM's sole member is Nick Marrocco who is an individual resident of Massachusetts.[7] Lighthouse's sole member is John Kelly who is an individual resident of Massachusetts. Bitmine is a corporation that is organized under the laws of Delaware and that maintains its principal place of business in Georgia.[8] The individual class b members of ROC, Irwin Frankel, David Paolisso, Joseph Marrocco, and Melanie Foley are each a citizen of the state of Massachusetts. For diversity purposes, ROC is a citizen of Massachusetts, Delaware, and Georgia.[9]

10. Accordingly, complete diversity exists between AMW and ROC.

*Amount in Controversy*

11. If the amount in controversy more likely than not (measured by a preponderance of the evidence) exceeds the jurisdictional minimum, then removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). The burden of showing the jurisdictional minimum is met if it is apparent from the face of the plaintiff's petition that the amount in controversy exceeds $75,000.00. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

12. In the State Court Lawsuit, AMW generally alleges that it seeks monetary relief of over $200,000 and less than $1,000,000.[10] Specifically, AMW contends that ROC owes AMW $510,000.[11] Although ROC denies that AMW is

---

[7] *See* Exhibit B
[8] *See* Exhibit B
[9] *See* Exhibit B
[10] See Exhibit A: Plaintiff's Original Petition at ¶ 7.
[11] See Exhibit A: Plaintiff's Original Petition, Affidavit of Tyler Deboer at ¶ 3.

entitled to recover any damages, the allegations in AMW's petition establish that the amount in controversy exceeds the $75,000 jurisdictional minimum.

### III. CONCLUSION

There is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

**ANDREWS MYERS, P.C.**

By: _/s/ D. Alan Appling_
TIMOTHY C. ROSS
State Bar No. 24056231
tross@andrewsmyers.com
D. ALAN APPLING
State Bar No. 24092043
aappling@andrewsmyers.com
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713-850-4200 – Telephone
713-850-4211 – Facsimile

**ATTORNEYS FOR DEFENDANT,
ROC DIGITAL MINING I LLC**

## CERTIFICATE OF SERVICE

  Pursuant to Texas Rules of Civil Procedure, a true and correct copy of the foregoing has been served upon all parties in accordance with the Rules of Civil Procedure on February 3, 2023.

*Via e-service:*

**Whitley LLP Attorneys at Law**

Samuel E. Whitley
swhitley@whitley-llp.com
24285 Katy Freeway
Suite 300 Katy
Texas 77494
(281) 206-0433 Telephone
(866) 512-7794 Facsimile

**ATTORNEYS FOR PLAINTIFF,
AMERICAN MINING WAREHOUSE LLC**

             */s/ D. Alan Appling*
             D. ALAN APPLING