IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN MINING WAREHOUSE LLC | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:22-CV-4309 |
| v. | § § | |
| ROC DIGITAL MINING I LLC | § | |
| *Defendant.* | § | |

**EXHIBIT A: PLAINTIFF'S ORIGINAL PETITION**

Case 4:22-cv-04309   Document 11-1   Filed on 02/03/23 in TXSD   Page 2 of 8

12/5/2022 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70713388
By: Derrick Abram
Filed: 12/5/2022 4:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| AMERICAN MINING WAREHOUSE LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| ROC DIGITAL MINING LLC | § § | |
| *Defendant.* | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Mining Warehouse LLC, Plaintiff in the above-styled and numbered cause, and would show the Court the following in its Original Petition:

### I.   DISCOVERY PLAN

1. This case is to be governed by a Level 2 discovery plan.

### II.   PARTIES

2. Plaintiff American Mining Warehouse LLC is a Texas limited liability company.

3. Defendant ROC Digital Mining LLC is a limited liability company organized under the laws of the State of Delaware. Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

### III.   JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of

fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that the causes of action asserted herein arose from or relate to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant. Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that Defendant contracted with a Texas resident and performance of the agreement in whole or in part was to occur in Texas.

5.  Plaintiff seeks damages within the jurisdictional limits of this Court.

6.  Venue in Harris County is proper in this case pursuant to Texas Civil Practice and Remedies Code Section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

IV.   RULE 47 STATEMENT

7.  Pursuant to Tex. R. Civ. P. 47, Plaintiff states that it seeks monetary relief over $200,000 but less than $1,000,000, and demands judgment for all other relief to which it may show itself entitled.

V.   FACTS

8.  Plaintiff is a company that resells servers for mining bitcoins, commonly known in the industry as "miners." These miners are manufactured by other companies, and Plaintiff is required to place orders with the manufacturer or other distributors in order to obtain the miners.

9.  On October 14, 2022, Defendant issued to Plaintiff a purchase agreement for 500 Bitmain S19J Pro miners at a price of $1,700 per unit (the "500 Unit PO"), for a total

price of $850,000. The 500 Unit PO was executed by Nick Marrocco as Manager of Defendant.

10. As Manager of Defendant, Mr. Marrocco had express, implied, or apparent authority to bind Defendant to the 500 Unit PO.

11. On October 14, 2022, Defendant sent a payment of $129,000 to Whitley LLP Attorneys at Law, Plaintiff's counsel, as Plaintiff's limited agent for receiving the payment on behalf of Plaintiff, per the 500 Unit PO.

12. On November 7, 2022, Defendant sent a payment of $211,000 to Whitley LLP Attorneys at Law, Plaintiff's counsel, as Plaintiff's limited agent for receiving the payment on behalf of Plaintiff, per the 500 Unit PO.

13. On December 2, 2022, Defendant (through its counsel) informed Plaintiff that it was cancelling the 500 Unit PO.

## VI.   COUNT I – SWORN ACCOUNT

14. Plaintiffs incorporate by reference all factual allegations stated above.

15. Plaintiff's claims against Defendant herein are founded upon an open account or other claim for goods, wares, and merchandise, including a liquidated money demand based upon written contract or founded on business dealings between the parties, or are for personal service rendered, or labor done or materials furnished, on which a systematic record has been kept.

16. Plaintiff's claims are just and true, are due, and all lawful and just offsets, payments, and credits have been allowed.

17. Plaintiff's claims are supported by the affidavit of Tyler Deboer, attached hereto as Exhibit A.

## VII.   COUNT II – BREACH OF CONTRACT

18. Plaintiff incorporates by reference all factual allegations stated above.

19. The 500 Unit PO and Plaintiff's acceptance thereof constituted a valid and enforceable contract.

20. Defendant breached the contract by (a) failing to pay Plaintiff the agreed upon purchase price of $850,000 for the 500 miners in the 500 Unit PO, and (b) cancelling the 500 Unit PO.

21. Defendant's breach of the 500 Unit PO has excused Plaintiff's performance of its obligations under the 500 Unit PO, since the purchase price has not been paid in full.

22. Defendant's breach has caused Plaintiff damages for which it now sues.

## VIII.   COUNT III – VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE SECTION 2.301

23. Plaintiff incorporates by reference all factual allegations stated above.

24. Plaintiff entered into one or more contracts for the sale of goods with Defendant as defined in Sections 2.102 and 2.105 of the Texas Business and Commerce Code.

25. Section 2.301 of the Texas Business and Commerce Code provides that it is the obligation of a buyer of goods to accept and pay for goods under the contract for the sale of such goods.

26. Section 2.709(a) of the Texas Business and Commerce Code grants a cause of action to a seller to recover the purchase price for the goods due to a buyer's failure to pay the same. Pursuant to said statute, Plaintiff hereby sues Defendant for the remaining purchase price under the 500 Unit PO.

## IX. COUNT IV – DECLARATORY JUDGMENT

27. Plaintiff incorporates by reference all factual allegations stated above.

28. The 500 Unit PO is a written contract or other writing constituting a contract.

29. Plaintiff is an interested party under the 500 Unit PO.

30. By reason of Defendant's purported cancellation or repudiation of the 500 Unit PO, an actual, justiciable controversy exists between Plaintiff and Defendant.

31. Plaintiff seeks a declaratory judgment pursuant to Section 37.003 of the Texas Civil Practice and Remedies Code that (a) Defendant has breached the 500 Unit PO, and (b) that Defendant is not entitled to return of the $340,000 that Defendant has paid to Plaintiff pursuant to the 500 Unit PO as a result of such breach.

## IX. CONDITIONS PRECEDENT

32. All conditions precedent have been performed or have occurred.

## X. ATTORNEY'S FEES

33. Plaintiff is entitled to its reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001(3) and (8) and 37.009.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant ROC Digital Mining LLC be cited to appear and answer herein; that the Court enter a declaratory judgment as requested herein; and that Plaintiff have judgment for general and special damages in an amount in excess of the minimum jurisdictional limits of the Court, attorney's fees, costs of court, prejudgment interest, postjudgment interest, and award Plaintiff any other relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Samuel E. Whitley*
Samuel E. Whitley
Texas Bar No. 24033331

Whitley LLP Attorneys at Law
24285 Katy Freeway, Suite 300
Katy, Texas 77494
(281) 206-0433 Telephone
(866) 512-7794 Facsimile
swhitley@whitley-llp.com

Case 4:22-cv-04309   Document 11-1   Filed on 02/03/23 in TXSD   Page 8 of 8

12/5/2022 4:14:15 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 70713388
By: ABRAM, DERRICK A
Filed: 12/5/2022 4:14:15 PM

## AFFIDAVIT OF TYLER DEBOER

STATE OF TEXAS §
§
COUNTY OF HARRIS §

**BEFORE ME**, the undersigned authority, on this day personally appeared Tyler Deboer, known to me to be the person whose signature appears below and was upon oath duly deposed and said:

1. "My name is Tyler Deboer. I am above the age of eighteen years, of sound mind, and have never been convicted of a crime or offense that would render me incompetent to give this affidavit. The facts recited herein are true and correct, and are within my personal knowledge.

2. This lawsuit is founded upon an open account or other claim for goods, wares, and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept.

3. The amount that Defendant owes to Plaintiff is $510,000.00. These amounts are just and true, they are due, and all just and lawful offsets, payments, and credits have been allowed."

FURTHER AFFIANT SAYETH NOT.

_____
Tyler Deboer

SWORN TO AND SUBSCRIBED before me this 5 day of December 2022.



Marissa Davila
NOTARY PUBLIC
My Commission Expires: 09/02/2026