UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN MINING WAREHOUSE LLC | § § § § | |
| *Plaintiff,* | | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-4309 |
| ROC DIGITAL MINING I LLC | § § § | |
| *Defendants.* | | |

# DEFENDANT ROC DIGITAL MINING I, LLC'S FIRST AMENDED ANSWER AND ORIGINAL COUNTERCLAIM

Defendant, ROC DIGITAL MINING I LLC ("Defendant" or "ROC"), files this its First Amended Answer and Original Counterclaim against Plaintiff, AMERICAN MINING WAREHOUSE, LLC ("Plaintiff" or "AMW"). In support thereof, Defendant would respectfully show unto the Court the following:

## I.     ANSWER

### "DISCOVERY"

1. To the extent any admission or denial is required with respect to this allegation, Defendant denies the allegations in paragraph 1 of the Complaint.

### "PARTIES"

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant denies "ROC Digital Mining LLC" is the proper Defendant in this breach of contract case as alleged in paragraph 3 of the Complaint because the contracting party is "ROC Digital Mining I LLC."

## "JURISDICTION"

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

## "RULE 47 STATEMENT"

7. Defendant admits that Plaintiff brought an action seeking the relief described in allegations in paragraph 7 of the Complaint but denies that Plaintiff is entitled to any such relief.

## "FACTS"

8. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint and therefore, denies these allegations.

9. The allegations of paragraph 9 of the Complaint reference written documents, which are the best evidence of their contents; Defendant denies the allegations in paragraph 9 to the extent that the allegations contradict the contents of those written documents.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits that ROC issued payment of $129,000 to Whitley LLP Attorneys at Law on October 14, 2022. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant admits that ROC issued payment of $211,000 to Whitley LLP Attorneys at Law on November 7, 2022. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Defendant admits that Defendant, by and through counsel, issued a letter to Plaintiff, dated December 1, 2022, terminating the purchase order and demanding return of the funds held in escrow by Plaintiff's counsel. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

"COUNT I- SWORN ACCOUNT"

14. With respect to paragraph 14 of the Complaint, no admission or denial is required.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint and the allegations contained in the attached affidavit of Tyler Deboer.

"COUNT II- BREACH OF CONTRACT"

18. With respect to paragraph 18 of the Complaint, no admission or denial is required.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

## "COUNT III- VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE §2.301"

23. With respect to paragraph 23 of the Complaint, no admission or denial is required.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint to the extent it does not provide the obligations of the seller. Texas Business and Commerce Code 2.301 provides that "the obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."

26. Defendant admits that Texas Business and Commerce Code 2.709(a) provides a cause of action to a seller but denies that Plaintiff is entitled to the remaining purchase price under the purchase order as alleged in paragraph 26 of the Complaint.

## "COUNT IV- DECLARATORY JUDGMENT"

27. With respect to paragraph 27 of the Complaint, no admission or denial is required.

28. The allegations of paragraph 28 of the Complaint reference written documents, which are the best evidence of their contents; Defendant denies the allegations in paragraph 28 to the extent that the allegations contradict the contents of those written documents.

29. The allegations of paragraph 29 of the Complaint reference written documents, which are the best evidence of their contents; Defendant denies the allegations in paragraph 29 to the extent that the allegations contradict the contents of those written documents.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff seeks a declaration of rights as described in paragraph 32 of the Complaint but denies that Plaintiff is entitled to any such relief. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

"CONDITIONS PRECEDENT"

32. Defendant denies the allegations in paragraph 32 of the Complaint.

"ATTORNEY'S FEES"

33. Defendant admits that Plaintiff seeks attorney's fees as described in paragraph 33 of the Complaint but denies that Plaintiff is entitled to any such relief.

"PRAYER"

34. Defendant denies Plaintiff is entitled to declaratory relief or any of the damages alleged in the Prayer section, and therefore denies these allegations.

## II.  SPECIFIC DENIALS

35.  Defendant specifically denies the allegation that ROC Digital Mining LLC entered into a contract with Plaintiff, as the purchase order reflects "ROC Digital Mining I LLC" (not "ROC Digital Mining LLC").

36.  Defendant specifically denies that Plaintiff has complied with all conditions precedent that might otherwise entitle it to recover under the applicable performance bond.

## III.  VERIFIED DENIAL

37.  Pursuant to Texas Rules of Civil Procedure 93(10) and 185, Defendant files this verified and sworn denial to Plaintiff's sworn account claim as follows:

38.  Defendant denies that Plaintiff has delivered the merchandise pursuant to the account sued on by Plaintiff.

39.  Defendant denies that all applicable offsets and credits have been allowed or applied to the account sued on by Plaintiff.

40.  Defendant denies that Plaintiff has performed all its obligations and satisfied all its conditions precedent to recover on the account sued on by Plaintiff.

## IV.  AFFIRMATIVE DEFENSES

41.  Defendant asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing herein stated is intended or shall be construed as an acknowledgement that any particular issue or

subject matter is relevant to Plaintiff's allegations. Defendant reserves the right to plead any affirmative defenses that may become evident or appreciated after investigation and discovery in this matter. Defendant asserts the following affirmative defenses:

42. The Complaint and each and every claim for relief alleged therein fail to state facts sufficient to constitute a claim for relief against Defendant.

43. Plaintiff's claims are barred, in whole or in part, due to its prior material breach.

44. Plaintiff's claims are barred, in whole or in part, by the doctrines of anticipatory breach and repudiation.

45. Plaintiff's claims are barred, in whole or in part, because Defendant has failed to perform all conditions precedent.

    a. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, modification, and ratification.

    b. Plaintiff's claims are barred, in whole or in part, because Defendant's actions were justified or excused.

    c. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, quasi estoppel, equitable estoppel, promissory estoppel, and estoppel by contract.

    d. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

e.  Plaintiff's claims are barred, in whole or in part, Plaintiff did not properly mitigate its damages.

f.  To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Defendant and for which Defendant was and is not responsible.

g.  Defendant is entitled to offset, credit, setoff, and recoupment against any amount of damages owed to Plaintiff.

h.  Defendant reserves the right to raise defenses as may be discovered during the course of these proceedings in accordance with this Court's rules and procedures.

## V.   DEFENDANT'S ORIGINAL COUNTERCLAIM
### PARTIES

46. Defendant and Counter-Plaintiff, ROC, is a limited liability company incorporated under the laws of Delaware with its principal place of business in Massachusetts. For diversity purposes, ROC is a citizen of Massachusetts, Delaware, and Georgia.

47. Plaintiff and Counter-Defendant, AMW, is a limited liability company incorporated under the laws of the State of Texas with its principal place of business in the Woodlands, Texas. For diversity purposes, AMW is a citizen of Texas. AMW has already made an appearance in this lawsuit and may be served with this counterclaim through its counsel of record.

### JURISDICTION AND VENUE

48. This court has jurisdiction over this action because there is complete

diversity of citizenship between AMW and ROC, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(a).[1]

49. This court has jurisdiction over Defendants' counterclaims as they arise from the same transactions and occurrences that are the subject matter of Plaintiff's claims and do not require adding another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1).

50. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

51. ROC executed a purchase order on October 14, 2022, wherein AWC agreed to provide ROC a total of 500 Bitmain S19J Pro miners. The parties did not agree upon or stipulate to a completion date for the transaction. As consideration, ROC agreed to pay an initial deposit of $129,000 and AWC agreed to hold $300,000 in commission fees from anticipated sales to a third-party referred to AWC by ROC in satisfaction of the remaining deposit balance. ROC wired $129,000 to a trust account maintained by Plaintiff's counsel, Whitley LLP Attorneys at Law on the same day it executed the purchase order.

52. On November 4, 2022, ROC executed a revised purchase order wherein ROC agreed to provide an additional $211,000 to AWC (or $340,000.00 in total) by

---

[1] *See* Defendant's First Amended Notice of Removal [Dkt. 11 and 12].

November 7, 2022 to secure the purchase of 200 miners in full. ROC wired the additional $211,000 to a trust account maintained by Plaintiff's counsel, Whitley LLP Attorneys at Law, on November 7, 2022.

53. On November 15, 2022, ROC executed a revised purchase order wherein AWC agreed to hold an additional $135,000 in commission fees from another third-party customer referred to AWC by ROC to cover the remaining deposit balance owed on the remaining 300 miners. The third-party transaction was contingent upon lender financing approval.

54. In late November, ROC requested information regarding the miners (including the serial numbers and photos) and attempted to coordinate delivery of the 200 miners which ROC paid AWC for in full. AWC refused to provide the requested information or deliver the 200 miners upon request. Instead, AWC alleged that ROC committed to purchasing approximately 1,500 miners and demanded payment of all outstanding amounts allegedly owed to AWC or AWC would proceed with filing a lawsuit.

55. On November 29, 2022, AWC advised that AWC intended to sell the miners to other purchasers and pursue litigation unless ROC agreed to purchase the requested 200 miners (which ROC already provided payment for) at a significantly increased unit price or purchase 1,056 miners at the same unit price reflected in the executed purchase order. As such, AWC actions clearly and unequivocally reflect AWC's inability or unwillingness to complete the purchase order.

56. Given AWC's material breach and/or repudiation of the purchase order,

ROC, by and through counsel, sent a letter to AWC dated December 1, 2022 providing notice of termination of the purchase order and demanding return of the $340,000 held in escrow by Plaintiff's counsel, Whitley LLP Attorneys at Law.

57. In response, AMW refused to return the funds and instead filed a lawsuit against ROC in state court on December 5, 2022.

## COUNT 1- BREACH OF CONTRACT

58. All prior paragraphs are incorporated by reference.

59. ROC and AMW entered a valid and enforceable contract- the purchase order. ROC fully performed its contractual obligations under the purchase order. AMW materially breached the contract by refusing to deliver goods for which AMW received just compensation, selling the miners to another purchaser for which it received compensation or was contractually obligated to deliver to ROC, and refusing to return the escrow funds to ROC upon demand. AMW's breach proximately caused injury to ROC for which ROC seeks recovery of at least $340,000.00 in actual damages, plus consequential damages (lost profits, cost of delay, cost of mitigation), interest, costs of court, and reasonable attorney's fees.

## COUNT 2- CONVERSION

60. All prior paragraphs are incorporated by reference.

61. ROC owns, has legal possession of, and is entitled to immediate possession of the funds paid to AMW, by and through its counsel Whitley LLP, to secure the purchase of certain miners which AMW refused to deliver. AMW exercised dominion and/or control over such personal property in a manner inconsistent with

the ROC's rights. AMW has no legal or good faith justification for retaining the funds. AMW's wrongful retention of the funds is conversion. AMW's wrongful acts proximately caused injury to ROC for which ROC seeks actual damages, as well as exemplary damages, interest, and costs of court, and all other relief to which ROC may be justly entitled.

## COUNT 3- MONEY HAD AND RECEIVED

62. All prior paragraphs are incorporated by reference.

63. ROC wired a total of $340,000 to AMW, by and through its counsel Whitley LLP, to secure the purchase of miners pursuant to the purchase order. AMW did not provide any goods, services or other valuable consideration to Plaintiff in exchange for those funds. AMW, therefore, holds money that in equity and good conscience belong to ROC. ROC has demanded the return of its money, but AMW has refused to do so. As such, ROC seeks recovery of the $340,000 that AMW, by and through its counsel Whitley LLP, currently holds and rightfully belongs to ROC, as well as interest, costs of court, and all other relief to which ROC may be justly entitled.

## COUNT 4- ATTORNEY'S FEES

64. ROC has incurred, and continues to incur, attorneys' fees in pursuing the relief requested herein. Accordingly, ROC seeks to recover all reasonable attorneys' fees and costs to which it may show itself lawfully entitled pursuant to Texas Civil Practice & Remedies Code §38 and as equity would dictate. Presentment of these claims has been made or will have been made by the time of trial, with the

just amount due having not been paid.

## CONDITIONS PRECEDENT

65. All conditions precedent have been performed or waived.

## PRAYER

For these reasons, Defendant, Roc Digital Mining I LLC, prays for the following relief:

i. An order dismissing all claims asserted against it by Plaintiff/Counter-Defendant, American Mining Warehouse, LLC;

ii. A judgment in favor of Defendant/Counter-Plaintiff, Roc Digital Mining I, LLC, awarding it all actual and consequential damages;

iii. All costs of court;

iv. Reasonable and necessary attorneys' fees;

v. Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

vi. Such other and further relief as may be appropriate, in law or equity.

Respectfully submitted,

**ANDREWS MYERS, P.C.**

By: __/s/ D. Alan Appling_____
      TIMOTHY C. ROSS
      State Bar No. 24056231
      tross@andrewsmyers.com
      D. ALAN APPLING
      State Bar No. 24092043
      aappling@andrewsmyers.com
      1885 Saint James Place, 15th Floor
      Houston, Texas 77056
      713-850-4200 – Telephone
      713-850-4211 – Facsimile

**ATTORNEYS FOR DEFENDANT,
ROC DIGITAL MINING I LLC**

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for ROC communicated with counsel for AMW on February 27, 2023 regarding the filing of the foregoing instrument and AMW's counsel ....

*/s/ D. Alan Appling*
D. ALAN APPLING

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties in accordance with the Federal Rules of Civil Procedure on February ___ 2023.

*Via e-service:*

Samuel E. Whitley
swhitley@whitley-llp.com
*Whitley LLP Attorneys at Law*
24285 Katy Freeway
Suite 300 Katy
Texas 77494
(281) 206-0433 Telephone
(866) 512-7794 Facsimile

**ATTORNEYS FOR PLAINTIFF,
AMERICAN MINING WAREHOUSE LLC**

*/s/ D. Alan Appling*
D. ALAN APPLING